```
HELLER, EHRMAN, WHITE & McAULIFFE
René P. Tatro
Roger Lane Carrick
Jeffery W. Johnson
601 South Figueroa Street, 40th Floor
Los Angeles, California  90017-2306
(213) 689-0200

Attorneys for Third-Party Plaintiff
Simpson Paper Company
```



FILED
CLERK, U.S. DISTRICT COURT
MAY 14 1991
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA; STATE OF CALIFORNIA EX REL. DEPARTMENT OF FISH AND GAME, STATE LANDS COMMISSION, AND DEPARTMENT OF PARKS AND RECREATION,<br><br>　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>MONTROSE CHEMICAL CORPORATION OF CALIFORNIA; ATKEMIX THIRTY-SEVEN, INC.; STAUFFER MANAGEMENT COMPANY; ICI AMERICAN HOLDINGS, INC.; CHRIS-CRAFT INDUSTRIES, INC.; WESTINGHOUSE ELECTRIC CORPORATION; POTLATCH CORPORATION; SIMPSON PAPER COMPANY; AND COUNTY SANITATION DISTRICT NO. 2 OF LOS ANGELES,<br><br>　　　　　　　Defendants.<br><br>SIMPSON PAPER COMPANY,<br><br>　　　　　　　Third-Party Plaintiff,<br><br>　　vs.<br><br>COUNTY OF LOS ANGELES; COUNTY OF ORANGE; CITY OF AGOURA HILLS; | CIVIL ACTION NO.<br>CV 90 3122 AAH (JRx)<br><br>FIRST AMENDED THIRD-PARTY COMPLAINT OF SIMPSON PAPER COMPANY<br><br>DEMAND FOR A JURY TRIAL |



188

HELLER, EHRMAN, WHITE & McAULIFFE
ATTORNEYS
601 SOUTH FIGUEROA STREET, 40TH FLOOR
LOS ANGELES, CALIFORNIA 90017-5758
(213) 689-0200

| | |
|---|---|
| 1 | CITY OF ALHAMBRA; CITY OF ANAHEIM; ) |
| | CITY OF ARCADIA; CITY OF ARTESIA; ) |
| 2 | CITY OF AZUSA; CITY OF BALDWIN ) |
| | PARK; CITY OF BELL; CITY OF BELL ) |
| 3 | GARDENS; CITY OF BELLFLOWER; CITY ) |
| | OF BEVERLY HILLS; CITY OF ) |
| 4 | BRADBURY; CITY OF BREA; CITY OF ) |
| | BUENA PARK; CITY OF CARSON; CITY ) |
| 5 | OF CERRITOS; CITY OF CHINO; CITY ) |
| | OF CLAREMONT; CITY OF COMMERCE; ) |
| 6 | CITY OF COMPTON; CITY OF COVINA; ) |
| | CITY OF CUDAHY; CULVER CITY; CITY ) |
| 7 | OF CYPRESS; CITY OF DIAMOND BAR; ) |
| | CITY OF DOWNEY; CITY OF DUARTE; ) |
| 8 | CITY OF EL MONTE; CITY OF EL ) |
| | SEGUNDO; CITY OF FOUNTAIN VALLEY; ) |
| 9 | CITY OF FULLERTON; CITY OF ) |
| | GARDENA; CITY OF GLENDORA; CITY OF ) |
| 10 | HAWAIIAN GARDENS; CITY OF ) |
| | HAWTHORNE; CITY OF HERMOSA BEACH; ) |
| 11 | CITY OF HIDDEN HILLS; CITY OF ) |
| | HUNTINGTON BEACH; CITY OF ) |
| 12 | HUNTINGTON PARK; CITY OF INDUSTRY; ) |
| | CITY OF INGLEWOOD; CITY OF IRVINE; ) |
| 13 | CITY OF IRWINDALE; CITY OF LA ) |
| | CANADA-FLINTRIDGE; CITY OF LA ) |
| 14 | HABRA; CITY OF LA HABRA HEIGHTS; ) |
| | CITY OF LA MIRADA; CITY OF LA ) |
| 15 | PALMA; CITY OF LA PUENTE; CITY OF ) |
| | LA VERNE; CITY OF LAKEWOOD; CITY ) |
| 16 | OF LAWNDALE; CITY OF LOMITA; CITY ) |
| | OF LONG BEACH; CITY OF LOS ) |
| 17 | ALAMITOS; CITY OF LYNWOOD; CITY OF ) |
| | MANHATTAN BEACH; CITY OF MAYWOOD; ) |
| 18 | CITY OF MONROVIA; CITY OF ) |
| | MONTCLAIR; CITY OF MONTEBELLO; ) |
| 19 | CITY OF MONTEREY PARK; CITY OF ) |
| | NORWALK; CITY OF ORANGE; CITY OF ) |
| 20 | OXNARD; CITY OF PALOS VERDES ) |
| | ESTATES; CITY OF PICO RIVERA; CITY ) |
| 21 | OF PLACENTIA; CITY OF POMONA; CITY ) |
| | OF RANCHO PALOS VERDES; CITY OF ) |
| 22 | REDONDO BEACH; CITY OF ROLLING ) |
| | HILLS; CITY OF ROLLING HILLS ) |
| 23 | ESTATES; CITY OF ROSEMEAD; CITY OF ) |
| | SAN DIMAS; CITY OF SAN FERNANDO; ) |
| 24 | CITY OF SAN GABRIEL; CITY OF SAN ) |
| | MARINO; CITY OF SANTA ANA; CITY OF ) |
| 25 | SANTA FE SPRINGS; CITY OF SANTA ) |
| | MONICA; CITY OF SEAL BEACH; CITY ) |
| 26 | OF SIERRA MADRE; CITY OF SIGNAL ) |
| | HILL; CITY OF SOUTH EL MONTE; CITY ) |
| 27 | OF SOUTH GATE; CITY OF SOUTH ) |
| | PASADENA; CITY OF STANTON; CITY OF ) |
| 28 | TEMPLE CITY; CITY; CITY OF ) |

| | |
|---|---|
| 1 | THOUSAND OAKS; CITY OF TORRANCE; ) |
|   | CITY OF TUSTIN; CITY OF UPLAND; ) |
| 2 | CITY OF VERNON; CITY OF VILLA ) |
|   | PARK; CITY OF WALNUT; CITY OF WEST ) |
| 3 | COVINA; CITY OF WEST HOLLYWOOD; ) |
|   | CITY OF WESTLAKE VILLAGE; CITY OF ) |
| 4 | WHITTIER; CITY OF YORBA LINDA; ) |
|   | CHINO BASIN MUNICIPAL WATER ) |
| 5 | DISTRICT; COUNTY OF ORANGE ) |
|   | SANITATION DISTRICTS; COSTA MESA ) |
| 6 | SANITARY DISTRICT; GARDEN GROVE ) |
|   | SANITARY DISTRICT; IRVINE RANCH ) |
| 7 | WATER DISTRICT; AND MIDWAY CITY ) |
|   | SANITARY DISTRICT; ) |
| 8 | ) |
|   | Third-Party ) |
| 9 | Defendants. ) |
|   | ) |

Third-party Plaintiff, Simpson Paper Company (hereinafter referred to as "Simpson"), alleges as follows:

1. Plaintiffs, the United States of America acting on behalf of the Administrator of the Environmental Protection Agency ("EPA"), the Secretary of Commerce, and the Secretary of the Interior (federal plaintiffs collectively referred to as "United States"), and the State of California ex rel. Department of Fish and Game, State Lands Commission and the Department of Parks and Recreation ("State") (collectively "plaintiffs"), filed a Complaint triggering the above-captioned action for recovery of response costs and natural resource damages on June 18, 1990, against Montrose Chemical Corporation of California, Atkemix Thirty-Seven, Inc., Stauffer Management Company, ICI American Holdings, Inc., Chris-Craft Industries, Inc., Westinghouse Electric Corporation, Potlatch Corporation and Simpson Paper Company. On June 28, 1990, the plaintiffs filed a First Amended Complaint in this action adding one more defendant, the County Sanitation District No. 2 of

HELLER, EHRMAN, WHITE & McAULIFFE
ATTORNEYS
601 SOUTH FIGUEROA STREET, 40TH FLOOR
LOS ANGELES, CALIFORNIA 90017-5758
(213) 689-0200

Los Angeles County ("District No.2"), a true and correct copy of which is on file in this action and is attached hereto as Exhibit A for reference, and lodged a Consent Decree purporting to settle out District No. 2. If the allegations in the First Amended Complaint are true, which Simpson denies (except as admitted in Simpson's Answer), then Count I of the First Amended Complaint is incorporated in this Third-Party Complaint by this reference as though set forth in full.

2. In Count I of the First Amended Complaint, plaintiffs purport to bring an action for recovery of damages for injury to natural resources in connection with alleged releases of hazardous substances into the environment in and around Los Angeles, California, including those parts of the San Pedro Channel in and around the Palos Verdes Shelf, the Los Angeles-Long Beach Harbors and the Channel Islands, pursuant to the Comprehensive Environmental Response, Compensation and Liability Act of 1980 as amended by the Superfund Amendments and Reauthorization Act of 1986 ("CERCLA"), 42 U.S.C. § 9607. (It does not appear that the plaintiffs are seeking response cost in regards to Count I. If, however, plaintiffs are seeking response cost, Simpson asserts a claim for contribution against the Third-party Defendants for response costs.) In Count II, plaintiffs purport to bring an action for recovery of response costs incurred and to be incurred by the United States in response to the release or threatened release of hazardous substances into the environment from the Montrose Chemical Corporation of California Site pursuant to Section 107(a)(4)(A) of CERCLA, 42 U.S.C. § 107(a)(4)(A).

3. Plaintiffs have alleged in the First Amended

1 Complaint that Simpson discharged wastewater containing PCBs into
2 the County Sanitation Districts of Los Angeles County's ("LACSD's")
3 sewer system and the LACSD in turn discharged hazardous substances
4 into the environment described above. Plaintiffs seek to hold
5 Simpson jointly and severally liable with the other defendants for
6 the alleged natural resource damages resulting from all hazardous
7 substances releases in and around those areas described above.

8     4. Simpson has denied, and continues to deny, all
9 material allegations in the First Amended Complaint and has denied
10 joint or several liability for any alleged natural resource damages
11 or response costs. On October 9, 1990, Simpson filed an Answer and
12 Counterclaims against the plaintiffs. On October 30, 1990, Simpson
13 filed an Amended Answer and Counterclaims against the plaintiffs, a
14 true and correct copy of which is attached hereto as Exhibit B and
15 is incorporated in this Third-Party Complaint by this reference as
16 though set forth in full.

17     5. If there are any natural resource damages, and if
18 Plaintiffs prove that such damages were caused by any substance,
19 then Simpson is informed, and on that basis alleges, that each of
20 the persons named as third-party defendants in the caption above
21 (collectively referred to as "Third-party Defendants") are owners
22 and/or operators of facilities that have (a) discharged substances,
23 including hazardous substances and the substances that Simpson is
24 alleged to have released, to the LACSD sewer system or other sewer
25 system, and to the waters in and around the area described in the
26 First Amended Complaint and/or otherwise discharged substances,
27 including hazardous substances and the substances that Simpson is
28 alleged to have released, which resulted in the natural resource

HELLER, EHRMAN, WHITE & McAULIFFE
ATTORNEYS
601 SOUTH FIGUEROA STREET, 40TH FLOOR
LOS ANGELES, CALIFORNIA 90017-5758
(213) 689-0200

damages alleged in the First Amended Complaint, (b) arranged for the disposal of substances, including hazardous substances and the substances that Simpson is alleged to have released, to the LACSD sewer system or other sewer system, and to the waters in and around the area described in the First Amended Complaint and/or otherwise arranged for disposal of substances, including hazardous substances and the substances that Simpson is alleged to have released, which resulted in the natural resource damages alleged in the First Amended Complaint, and/or (c) transported substances, including hazardous substances and the substances that Simpson is alleged to have released, to the LACSD sewer system or other sewer system, and to the waters in and around the area described in the First Amended Complaint and/or otherwise transported substances, including hazardous substances and the substances that Simpson is alleged to have released, which resulted in the natural resource damages alleged in the First Amended Complaint, all within the meaning of Section 107(a) of CERCLA, 42 U.S.C. 9607(a).

6.  Simpson seeks relief through this Complaint against each and all Third-party defendants.

7.  Each Third-party Defendant is or may be jointly and severally liable to Simpson for all or part of Plaintiff's claims within the meaning of Rule 14(a) of the Federal Rules of Civil Procedure. The adjudication of this Third-party Complaint as to each of the Third-party Defendants is necessary to a just adjudication of this action.

/ / / /

/ / / /

/ / / /

## JURISDICTION

8. This Court has jurisdiction over the subject matter of these Third-party claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1345, 42 U.S.C. § 9613(b) and the principles of ancillary jurisdiction. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b) inasmuch as the claim arose in the Central District of California.

## PARTIES

9. Simpson is a corporation incorporated under the laws of the State of Washington. Simpson recycles paper stock into fine papers at 100 Erie Street, Pomona, California. Simpson has operated the Pomona recycling plant since 1979.

10. Simpson is informed and believes that Third-party defendants County of Los Angeles and County of Orange are local government bodies.

11. Simpson is informed and believes that Third-party defendants City of Agoura Hills, City of Alhambra, City of Arcadia, City of Artesia, City of Azusa, City of Baldwin Park, City of Bell, City of Bell Gardens, City of Bellflower, City of Beverly Hills, City of Bradbury, City of Carson, City of Cerritos, City of Claremont, City of Commerce, City of Compton, City of Covina, City of Cudahy, Culver City, City of Diamond Bar, City of Downey, City of Duarte, City of El Monte, City of El Segundo, City of Gardena, City of Glendora, City of Hawaiian Gardens, City of Hawthorne, City of Hermosa Beach, City of Huntington Park, City of Industry, City of Inglewood, City of Irwindale, City of La Canada-Flintridge, City of La Habra Heights, City of La Mirada, City of La Puente, City of

La Verne, City of Lakewood, City of Lawndale, City of Lomita, City of Long Beach, City of Lynwood, City of Manhattan Beach, City of Maywood, City of Monrovia, City of Montebello, City of Monterey Park, City of Norwalk, City of Palos Verdes Estates, City of Pico Rivera, City of Pomona, City of Rancho Palos Verdes, City of Redondo Beach, City of Rolling Hills, City of Rolling Hills Estates, City of Rosemead, City of San Dimas, City of San Fernando, City of San Gabriel, City of San Marino, City of Santa Fe Springs, City of Santa Monica, City of Sierra Madre, City of Signal Hill, City of South El Monte, City of South Gate, City of South Pasadena, City of Temple City, City of Torrance, City of Vernon, City of Walnut, City of West Covina, City of West Hollywood, City of Westlake Village, and City of Whittier are municipalities incorporated under the laws of California located in the County of Los Angeles.

   12. Simpson is informed and believes that Third-Party Defendants City of Chino, City of Hidden Hills, City of Montclair and City of Upland are municipalities incorporated under the laws of California located in the County of San Bernardino.

   13. Simpson is informed and believes that Third-Party Defendants City of Anaheim, City of Brea, City of Buena Park, City of Cypress, City of Fountain Valley, City of Fullerton, City of Huntington Beach, City of Irvine, City of La Habra, City of La Palma, City of Los Alamitos, City of Orange, City of Placentia, City of Santa Ana, City of Seal Beach, City of Stanton, City of Tustin, City of Villa Park and City of Yorba Linda are municipalities incorporated under the laws of California located in the County of Orange.

14. Simpson is informed and believes that Third-Party defendants City of Oxnard and City of Thousand Oaks are municipalities incorporated under the laws of California located in this County of Ventura.

15. Simpson is informed and believes that Third-Party defendants County of Orange Sanitation Districts, Costa Mesa Sanitary District, Garden Grove Sanitary District, Irvine Ranch Water District and Midway City Sanitary District are government agencies located in the County of Orange.

16. Simpson is informed and believes that Third-party defendant Chino Basin Municipal Water District is a government agency located in the County of San Bernardino.

## FIRST CLAIM FOR RELIEF

(Contribution Under CERCLA)

17. Simpson asserts a claim for contribution and indemnification against the Third-party Defendants, and each of them, as persons who own and/or operate facilities, who owned and/or operated facilities at the time of disposal of hazardous substances, who arrange or arranged for disposal of hazardous substances, who are or were transporters of hazardous substances and/or who are or were generators of alleged hazardous substances released to the environment within the meaning of CERCLA.

18. Simpson incorporates by reference Third-party Complaint Paragraphs 1 through 16 herein.

19. Plaintiffs have alleged that the ocean dumping sites owned and/or operated by the plaintiffs, the lands where the LACSD Joint Outfall System ("JOS") is located, including the JOS collection, treatment and disposal system leading to the San Pedro

Channel through the White's Point outfall, the Palos Verdes Shelf area surrounding the Whites's Point outfall, the San Pedro Channel, the Los Angeles and the Long Beach Harbors, and the environs of the Channel Islands are "facilities" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

20. If the allegations of the First Amended Complaint are true, which Simpson denies (except as admitted in Simpson's Answer), then Simpson alleges, on information and belief, Third-party Defendants are owners and/or operators of facilities including, but not limited to, the LACSD's Joint Water Pollution Control Plant ("JWPCP") and JOS, the Hyperion Wastewater Treatment Plant and ocean outfalls ("Hyperion"), the County Sanitation Districts of Orange County's wastewater treatment plant and ocean outfalls ("CSDOC"), the City of Oxnard Wastewater Treatment Plant and ocean outfalls ("Oxnard") lateral and/or trunk sewer lines that tie into any sewer system or wastewater treatment plant, and/or storm drains, within the meaning of Sections 101(9) and 107(a)(1) of CERCLA, 42 U.S.C. § 9601(20) and 42 U.S.C. § 9607(a)(1).

21. On information and belief, Third-party Defendants, and each of them, are persons who owned and/or operated facilities including, but not limited to, the LACSD's JWPCP and JOS, the Hyperion Plant and ocean outfalls, the CSDOC's wastewater treatment plant and ocean outfalls, the Oxnard Plant and ocean outfalls and lateral and/or trunk sewer lines that tie into any sewer system or wastewater treatment plant and/or storm drains, at the time of disposal of substances, including hazardous substances and the substances that Simpson is alleged to have released, within the meaning of Sections 101(9) and 107(a)(2) of CERCLA, 42 U.S.C. §

9601(14) and 42 U.S.C. § 9607(a)(2).

22. On information and belief, the Third-party Defendants, and each of them, operated facilities including, but not limited to, those facilities identified in Paragraph 20 which were and/or are dischargers to the wastewater treatment plants identified in Paragraph 20, and/or are dischargers directly or indirectly to the Southern California Bight area and environment as alleged in the First Amended Complaint.

23. On information and belief, the Third-party Defendants, and each of them, are person(s) who by contract, agreement, or otherwise arranged for disposal or treatment of substances, including hazardous substances and the substances that Simpson is alleged to have released, owned or possessed by any other party or entity, at any facility owned or operated by another party or entity and containing such substances, including hazardous substances and the substances that Simpson is alleged to have released, within the meaning of Sections 101(9) and 107(a)(3) of CERCLA, 42 U.S.C. §§ 9601(9) and 9607(a)(3).

24. On information and belief, the Third-party Defendants, and each of them, are persons who accept or accepted substances, including hazardous substances and the substances that Simpson is alleged to have released, for transport to disposal or treatment facilities, incineration vessels or sites selected by such person, from which there is a release, or threatened release which causes the incurrence of response costs within the meaning of Sections 101(9) and 107(a)(4) of CERCLA, 42 U.S.C. §§ 9601(9) and 9607(a)(4).

25. On information and belief, Third-party Defendants,

and each of them, knowingly committed wilful negligence with regard to owning and operating the facilities identified above, with regard to arranging for the disposal of substances, including hazardous substances and the substances that Simpson is alleged to have released, at plaintiffs' ocean dumping sites, and with regard to transporting such substances to the facilities identified above within the meaning of Section 107(c)(2)(A)(i) of CERCLA, 42 U.S.C. § 9607(c)(2)(A)(i).

26. On information and belief, Third-party Defendants, and each of them, violated their own standards and/or regulations, as well as federal and state regulations, in their ownership and operation of the facilities identified above, in arranging for disposal of substances, including hazardous substances and the substances that Simpson is alleged to have released, and in transporting such substances to the facilities identified above within the meaning of Section 107(c)(2)(A)(ii) of CERCLA, 42 U.S.C. § 9607(c)(2)(A)(ii).

27. If Plaintiffs' allegations are true and Simpson is finally adjudged to be jointly or severally liable for any or all natural resource damages alleged in the First Amended Complaint, then each and every Third-party defendant named above is liable over to Simpson for contribution for all natural resource damages, response costs, other costs and any other specific relief pursuant to Section 113(f) of CERCLA, 42 U.S.C. § 9613(f).

/ / / /
/ / / /
/ / / /
/ / / /

## SECOND CLAIM FOR RELIEF

(Cost Recovery Under CERCLA § 107(a)(4)(B))

28. Simpson incorporates by reference Third-party Complaint Paragraphs 1 through 27 herein.

29. If Plaintiffs' allegations are true and Simpson is finally adjudged to be jointly or severally liable for any or all natural resource damages alleged in the First Amended Complaint, and if Plaintiffs seek to recover response cost from Simpson, then each and every Third-party defendant named above is jointly and severally liable to Simpson for all costs of response including, but not limited to, response costs recovered from Simpson by the Plaintiffs and response costs otherwise incurred by Simpson.

## THIRD CLAIM FOR RELIEF

(Negligence)

30. Simpson asserts a claim for contribution and indemnification against the Third-party Defendants, and each of them, based on their negligence in the their capacity as the owners and/or operators of the facilities described herein.

31. Simpson incorporates by references Paragraphs 1 through 29 herein.

32. Simpson sent Notices of Claims, without admitting any obligation to make such a claim, pursuant to California Government Code Sections 900 *et seq.* to each Third-party Defendant asserting claims for partial and total indemnification, contribution, setoff and recoupment for some or all liability and damages which Simpson may incur, including without limitation the costs of litigation, response costs, experts' and attorneys' fees resulting from the direct or indirect release of substances,

- 13 -

including hazardous substances and the substances that Simpson is alleged to have released, into the waters constituting the Southern California Bight area. Simpson brings this action in accordance with the California Torts Claims Act, California Government Code Section 900 et seq.

33. If the allegations of the First Amended Complaint are true, which Simpson denies (except as admitted in Simpson's Answer), then at some or all relevant times to the First Amended Complaint, the Third-party Defendants, and each of them, were in violation of applicable statutes and regulations promulgated thereunder, all as alleged in these claims, so as to constitute negligence per se, which negligence per se is the proximate cause of the injuries and damages alleged in the First Amended Complaint, and Third-party Defendants are liable therefore.

34. If the allegations of the First Amended Complaint are true, which Simpson denies (except as admitted in Simpson's Answer), then at all relevant times to the First Amended Complaint, the Third-party Defendants, and each of them, negligently owned, located, created, maintained, controlled, managed and/or operated several, if not all, facilities identified above so as to cause or permit the release of substances, including hazardous substances and the substances that Simpson is alleged to have released, into the environment, and to proximately cause the injuries and damages alleged in the First Amended Complaint.

35. If the material allegations of the First Amended Complaint are true, which Simpson denies, then at all relevant times the Third-party Defendants were negligent in the performance of their duties, including, but not limited to, the duty to avoid

releasing substances as described above, leading to the injury and destruction of natural resources and the duty to protect Simpson from incurring costs and damages resulting from their negligence. The Third-Parties' negligence was the sole or substantial cause of the injuries to Simpson including, but not limited to, the injuries or damages alleged in the First Amended Complaint for which Simpson may be held liable, and all cost incurred by Simpson or may be incurred by Simpson in response and in defending against the underlying action.

## FOURTH CLAIM FOR RELIEF

(Declaratory Relief)

36. Simpson incorporates by reference Paragraphs 1 through 35 herein.

37. Simpson has denied, and continues to deny, all material allegations in the First Amended Complaint and has denied joint or several liability for any alleged natural resource damages or response costs. If the allegations of the First Amended Complaint are true, which Simpson denies (except as admitted in Simpson's Answer), an actual controversy has arisen and exists between Simpson and each and all Third-party Defendants in that Simpson contends that if Simpson is held liable to plaintiffs on any of their claims, then the Third-party Defendants are liable jointly and severally, for the reasons stated above, to Simpson for any and all damages, costs or other liabilities, as incurred by or assessed against Simpson.

38. Simpson is informed and believes, and on that basis alleges that the Third-party Defendants contend in all respect to the contrary.

## Prayer for Relief

WHEREFORE, Third-party plaintiff Simpson prays that, if this Court enters judgment in any respect against Simpson, this Court also enter judgment against the Third-party Defendants, and each of them:

    a.   ordering the Third-party Defendants, and each of them, to pay the full and total costs of response and damages alleged in the First Amended Complaint pursuant to Section 107(c)(2)(A) of CERCLA, 42 U.S.C. § 9607(c)(2)(A);

    b.   ordering the Third-party Defendants, and each of them, to indemnify Simpson in the amount equivalent to the sum of the judgment entered against it, its costs and its expenses, including reasonable attorneys' and experts' fees;

    c.   ordering each and every Third-party Defendant to pay its lawful share in contribution;

    d.   declaring and adjudging that if Simpson is held liable to plaintiffs for any damages or costs, or any other monetary relief, Simpson is entitled to full indemnity from the Third-party Defendants, and each of them, against such liability;

    e.   declaring and adjudging that if Simpson is held liable to plaintiffs for any damages or costs, or any other monetary relief, that the Third-party Defendants, and each of them, are jointly and severally liable for any and all injury and damages which are indivisible;

    f.   for judgment in favor of Simpson and against the Third-party Defendants, and each of them, for all costs and attorneys' fees expended by Simpson in defending against the underlying action and in prosecuting these claims against the

1  Third-party Defendants;

2             g.  any such other and further relief as this Court

3  deems just and proper.

4

5  Dated:  March 14, 1991

                                    Respectfully submitted,

                                    HELLER, EHRMAN, WHITE & McAULIFFE
                                    RENÉ P. TATRO
                                    ROGER LANE CARRICK
                                    JEFFERY W. JOHNSON


                                    By _____
                                       Jeffery W. Johnson
                                    Attorneys for Third-party Plaintiff
                                    SIMPSON PAPER COMPANY

HELLER, EHRMAN, WHITE & McAULIFFE
ATTORNEYS
601 SOUTH FIGUEROA STREET, 40TH FLOOR
LOS ANGELES, CALIFORNIA 90017-5758
(213) 689-0200

- 17 -

**DEMAND FOR JURY TRIAL**

Simpson Paper Company hereby demands that the claims made in the First Amended Third-Party Complaint by tried by a jury.

Dated: May 14, 1991

                        Respectfully submitted,

                        HELLER, EHRMAN, WHITE & McAULIFFE
                        RENÉ P. TATRO
                        ROGER LANE CARRICK
                        JEFFERY W. JOHNSON

                        By _____
                              Jeffery W. Johnson
                        Attorneys for Third-party Plaintiff
                        SIMPSON PAPER COMPANY

HELLER, EHRMAN, WHITE & McAULIFFE
ATTORNEYS
601 SOUTH FIGUEROA STREET, 40TH FLOOR
LOS ANGELES, CALIFORNIA 90017-5758
(213) 689-0200