LATHAM & WATKINS LLP
   Karl S. Lytz (State Bar No. 110895)
   Kelly E. Richardson (State Bar No. 210511)
600 W. Broadway, Suite 1800
San Diego, California 92101
Telephone: (619) 236-1234
Attorneys for Defendant
Montrose Chemical Corporation of California

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br>                Plaintiffs,<br><br>            v.<br><br>MONTROSE CHEMICAL CORPORATION OF CALIFORNIA, et al.,<br>                Defendants.<br><br>AND RELATED COUNTERCLAIMS, CROSS-CLAIMS AND THIRD-PARTY ACTIONS | CASE NO.  CV 90 3122-R<br><br>**NOTICE OF LODGMENT OF EXECUTED DUAL SITE TRUST FUND AGREEMENT**<br><br>**Judge:**   Hon. Manuel L. Real |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Montrose Chemical Corporation of California ("Montrose") hereby submits the following document in accordance with the Partial Consent Judgment, entered by the Court on August 23, 2012.

In order to keep the Court apprised of the parties' continuing progress in this case, Montrose and Plaintiffs will continue to submit status conference reports to the Special Master regarding any material developments, as required by the Court's February 17, 2012 Order.

| EXHIBIT | DESCRIPTION |
|---|---|
| 1) | Final Executed Dual Site Trust Fund Agreement, dated August 23, 2012 |

Respectfully submitted,

Dated: August 28, 2012   LATHAM & WATKINS LLP

  / s /   Kelly E. Richardson
Kelly E. Richardson
Attorney for Defendant
Montrose Chemical Corporation of California

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\941719.1

1

CASE NUMBER CV 90 3122-R
NOTICE OF LODGMENT

# EXHIBIT 1

# EXHIBIT 1

# Dual Site Trust Fund Agreement

### Dual Site Groundwater Operable Unit, Montrose Chemical and Del Amo Superfund Sites

Dated: August 23, 2012

This Trust Fund Agreement (this "Agreement") is entered into as of August 23, 2012 by and between Montrose Chemical Corporation of California, a corporation organized and existing under the laws of the State of California (the "Grantor"), and *de maximis, inc.* a corporation organized and existing under the laws of the State of Tennessee (the "Trustee").

**Whereas,** the United States Environmental Protection Agency ("EPA"), an agency of the United States federal government, and the Grantor have entered into a Partial Consent Decree, United States of America v. Montrose Chemical Corporation of California, Civil Action No. CV 90 3122-R, for the Montrose Chemical and Del Amo Superfund Sites (the "Dual Site"), (hereinafter the "Partial Consent Decree");

**Whereas,** in order to provide certain funds to complete the Work, Grantor has agreed to establish and fund the Trust created by this Agreement; and

**Whereas,** the Grantor, acting through its duly authorized officers, has selected the Trustee to be the trustee under this Agreement, and the Trustee has agreed to act as trustee hereunder.

**Now, therefore,** the Grantor and the Trustee agree as follows:

*Section 1. Definitions. As used in this Agreement*:

(a) The term "Beneficiary" shall have the meaning assigned thereto in Section 3 of this Agreement.

(b) The term "Business Day" means any day, other than a Saturday or a Sunday, that banks are open for business in California, USA.

(c) The term "Claim Certificate" shall have the meaning assigned thereto in Section 4(a) of this Agreement.

(d) The term "Fund" shall have the meaning assigned thereto in Section 3 of this Agreement.

(e) The term "Grantor" shall have the meaning assigned thereto in the first paragraph of this Agreement.

1

SD\923673.2

(f) The term "Objection Notice" shall have the meaning assigned thereto in Section 4(b) of this Agreement.

(g) The term "Dual Site" shall have the meaning assigned thereto in Section 2 of this Agreement.

(h) The term "Trust" shall have the meaning assigned thereto in Section 3 of this Agreement.

(i) The term "Trustee" shall mean the trustee identified in the first paragraph of this Agreement, along with any successor trustee appointed pursuant to the terms of this Agreement.

(j) The term "Work" shall have the meaning assigned thereto in the Partial Consent Decree.

**Section 2. *Identification of Facilities and Costs.*** This Agreement pertains to certain costs for Work required at the Dual Site in Los Angeles County, California (the "Dual Site"), pursuant to the above referenced Partial Consent Decree.

**Section 3. *Establishment of Trust Fund.*** The Grantor and the Trustee hereby establish a trust (the "Trust"), for the benefit of EPA (the "Beneficiary"), to assure that certain funds are available to pay for performance of the Work in accordance with the terms of the Partial Consent Decree. The Grantor and the Trustee intend that no third party shall have access to monies or other property in the Trust except as expressly provided herein. The Trust is established as consisting of funds in the amount of fourteen million, five hundred ninety-nine thousand and forty-eight U.S. Dollars ($14,599,048). Such funds, along with any other monies and/or other property hereafter deposited into the Trust, and together with all earnings and profits thereon, are referred to herein collectively as the "Fund." The Fund shall be held by the Trustee, IN TRUST, as hereinafter provided. The Trustee shall not be responsible nor shall it undertake any responsibility for the amount or adequacy of, nor any duty to collect from the Grantor, any payments necessary to discharge any liabilities of the Grantor owed to the United States.

The parties to this Agreement agree that: (a) the Fund is established pursuant to the order of the United States District Court for the Central District of California, Western Division for the sole purpose of resolving or satisfying one or more claims asserting liability under Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), as amended, 42 U.S.C. §§ 9601 – 9675; (b) the Trustee has authority and control over all expenditures of the Fund to be exercised in conformity with the Partial Consent Decree, Statement of Work, and this Agreement; (c) the Fund constitutes a fund segregated from the other assets of Grantor; and (d) the Fund is intended to qualify as a "qualified settlement fund" within the meaning of Section 1.468B-1 of the United States Treasury Regulations.

**Section 4. *Payment for Work Required Under the Partial Consent Decree.*** The Trustee shall make payments from the Fund in accordance with the following procedures.

2

     (a)  Upon completion of each Milestone, as defined in Attachment 5 to the Statement of Work, the Grantor and/or its representatives or contractors may request that the Trustee make payments from the Fund to contractors for Work performed under the Partial Consent Decree by delivering to the Trustee and EPA a written invoice and certificate (together, a "Claim Certificate") signed by an officer of the Grantor (or the relevant representative or contractor) and certifying:

         (i)  that the invoice is for Work performed at the Dual Site in accordance with the Partial Consent Decree;

         (ii)  a description of the Work that has been performed, the amount of the claim, and the identity of the payee(s); and

         (iii)  that the Grantor has sent a copy of such Claim Certificate to EPA, both to the EPA attorney and the EPA RPM at their respective addresses shown in this Agreement, the date on which such copy was sent, and the date on which such copy was received by EPA as evidenced by a return receipt (which return receipt may be written, as in the case of overnight delivery, certified mail, or other similar delivery methods, or electronic, as in the case of e-mail, facsimile, or other similar delivery methods).

     (b)  EPA may object to any payment requested in a Claim Certificate submitted by the Grantor (or its representatives or contractors), in whole or in part, by delivering to the Trustee a written notice (an "Objection Notice") within fifteen (15) days after the date of EPA's receipt of the Claim Certificate as shown on the relevant return receipt. An Objection Notice sent by EPA shall state (i) whether EPA objects to all or only part of the payment requested in the relevant Claim Certificate; (ii) the basis for such objection; (iii) that EPA has sent a copy of such Objection Notice to the Grantor and the date on which such copy was sent; and (iv) the portion of the payment requested in the Claim Certificate, if any, which is not objected to by EPA, which undisputed portion the Trustee shall proceed to distribute in accordance with Section 4(d) below. EPA may object to a request for payment contained in a Claim Certificate only on the grounds that the requested payment is either (x) not for the costs of Work under the Partial Consent Decree, or (y) otherwise inconsistent with the terms and conditions of the Partial Consent Decree.

     (c)  If the Trustee receives a Claim Certificate and does *not* receive an Objection Notice from EPA within the time period specified in Section 4(b) above, the Trustee shall, after the expiration of such time period, promptly make the payment from the Fund requested in such Claim Certificate.

     (d)  If the Trustee receives a Claim Certificate and also receives an Objection Notice from EPA within the time period specified in Section 4(b) above, but which Objection Notice objects to only a *portion* of the requested payment, the Trustee shall, after the expiration of such time period, promptly make payment from the Fund of the uncontested amount as requested in the Claim Certificate.  The Trustee shall not make any payment from the Fund for the portion of the requested payment to which EPA has objected in its Objection Notice.

     (e)  If the Trustee receives a Claim Certificate and also receives an Objection Notice from EPA within the time period specified in Section 4(b) above, which Objection Notice

3

SD\923673.2

objects to <u>all</u> of the requested payment, the Trustee shall not make any payment from the Fund for amounts requested in such Claim Certificate.

(f) If, at any time during the term of this Agreement, EPA implements a "Work Takeover" pursuant to the terms of the Partial Consent Decree and intends to direct payment of monies from the Fund to pay for performance of Work during the period of such Work Takeover, EPA shall notify the Trustee in writing of EPA's commencement of such Work Takeover. Upon receiving such written notice from EPA, the disbursement procedures set forth in Sections 4(a)-(e) above shall immediately be suspended, and the Trustee shall thereafter make payments from the Fund <u>only</u> to such person or persons as EPA may direct in writing from time to time for the sole purpose of providing payment for performance of Work required by the Partial Consent Decree. Further, after receiving such written notice from EPA, the Trustee shall not make any disbursements from the Fund at the request of the Grantor, including its representatives and/or contractors, or of any other person except at the express written direction of EPA. If EPA ceases such a Work Takeover in accordance with the terms of the Partial Consent Decree, EPA shall so notify the Trustee in writing and, upon the Trustee's receipt of such notice, the disbursement procedures specified in Sections 4(a)-(e) above shall be reinstated.

(g) While this Agreement is in effect, disbursements from the Fund are governed exclusively by the express terms of this Agreement, except that the objections stated in any Objection Notice shall be resolved in accordance with the Dispute Resolution provisions of the Partial Consent Decree, including Section XVIII and Paragraph 12.

***Section 5. Continuing Jurisdiction.*** The Trust shall be subject to the continuing jurisdiction of the Court.

***Section 6. Trust Management.*** The Trustee shall invest and reinvest the principal and income of the Fund and keep the Fund invested as a single fund, without distinction between principal and income, in accordance with directions which the Grantor may communicate in writing to the Trustee from time to time, except that:

(a) securities, notes, and other obligations of any person or entity shall not be acquired or held by the Trustee with monies comprising the Fund. The Fund shall be invested only in short term U.S. government instruments and/or Federal Deposit Insurance Corporation ("FDIC") insured accounts;

(b) the Trustee is authorized to invest the Fund in time or demand deposits of the Trustee, to the extent such deposits are insured by an agency of the U.S. federal government or any U.S. state government; and

(c) the Trustee is authorized to hold cash awaiting investment or distribution uninvested for a reasonable time and without liability for the payment of interest thereon.

***Section 7. Commingling and Investment.*** The Trustee is expressly authorized in its discretion to transfer from time to time any or all of the assets of the Fund to any common, commingled, or collective trust fund created by the Trustee in which the Fund is eligible to participate, subject to all of the provisions hereof and thereof, to be commingled with the assets of other trusts participating therein.

4

SD\923673.2

***Section 8. Express Powers of Trustee.*** Without in any way limiting the powers and discretion conferred upon the Trustee by the other provisions of this Agreement or by law, the Trustee is expressly authorized and empowered:

(a) to make, execute, acknowledge, and deliver any and all documents of transfer and conveyance and any and all other instruments that may be necessary or appropriate to carry out the powers herein granted;

(b) to register any securities held in the Fund in its own name or in the name of a nominee and to hold any security in bearer form or in book entry, or to combine certificates representing such securities with certificates of the same issue held by the Trustee in other fiduciary capacities, or to deposit or arrange for the deposit of securities in a qualified central depositary even though, when so deposited, such securities may be merged and held in bulk in the name of the nominee of such depositary with other securities deposited therein by another person, or to deposit or arrange for the deposit of any securities issued by the U.S. federal government or any U.S. state government, or any agency or instrumentality thereof, with a Federal Reserve bank, but the books and records of the Trustee shall at all times show that all such securities are part of the Fund; and

(c) to deposit any cash in the Fund in interest-bearing accounts maintained or savings certificates issued by the Trustee, in its separate corporate capacity, or in any other banking institution affiliated with the Trustee, to the extent insured by an agency of the U.S. federal government.

***Section 9. Taxes and Expenses.*** All taxes of any kind that may be assessed or levied against or in respect of the Fund shall be paid from the Fund. All other expenses and charges incurred by the Trustee in connection with the administration of the Fund and this Trust shall be paid from the Fund.

***Section 10. Annual Valuation.*** The Trustee shall annually, no more than thirty (30) days after the anniversary date of establishment of the Fund, furnish to the Grantor and to the Beneficiary a statement confirming the value of the Trust. Any securities in the Fund shall be valued at market value as of no more than 60 days prior to the anniversary date of establishment of the Fund. The annual valuation shall include an accounting of any fees or expenses levied against the Fund. The Trustee shall also provide such information concerning the Fund and this Trust as EPA may request from time to time.

***Section 11. Advice of Counsel.*** The Trustee may from time to time consult with counsel with respect to any question arising as to the construction of this Agreement or any action to be taken hereunder; provided, however, that any counsel retained by the Trustee for such purposes may not, during the period of its representation of the Trustee, serve as counsel to the Grantor.

***Section 12. Trustee Compensation.*** The Trustee shall be entitled to reasonable compensation for its services as agreed upon in writing with the Grantor and as notified in writing to the Beneficiary. The Trustee's compensation under this Section shall be paid from the Fund.

SD\923673.2

***Section 13. Trustee and Successor Trustee.*** The Trustee and any replacement Trustee must be approved in writing by EPA and must not be affiliated with the Grantor. The Trustee may resign or the Grantor may replace the Trustee, but such resignation or replacement shall not be effective until the Grantor has appointed a successor trustee approved in writing by EPA and this successor accepts such appointment. The successor trustee shall have the same powers and duties as those conferred upon the Trustee hereunder. Upon the successor trustee's acceptance of the appointment, the Trustee shall assign, transfer, and pay over to the successor trustee the funds and properties then constituting the Fund. If for any reason the Grantor cannot or does not act in the event of the resignation of the Trustee, the Trustee may apply to EPA or a court of competent jurisdiction for the appointment of a successor trustee or for instructions. The successor trustee shall specify in writing, the date on which it assumes administration of the Fund and the Trust, and send to the Grantor, the Beneficiary, and the present Trustee by certified mail no less than 10 days before such change becomes effective. Any expenses incurred by the Trustee as a result of any of the acts contemplated by this Section shall be paid as provided in Section 9.

***Section 14. Instructions to the Trustee.*** All instructions to the Trustee shall be in writing, signed by such persons as are empowered to act on behalf of the entity giving such instructions. The Trustee shall be fully protected in acting without inquiry on such written instructions given in accordance with the terms of this Agreement. The Trustee shall have no duty to act in the absence of such written instructions, except as expressly provided for herein.

***Section 15. Amendment of Agreement.*** This Agreement may be amended only by an instrument in writing executed by the Grantor and the Trustee, and with the prior written consent of EPA.

***Section 16. Irrevocability and Termination.*** This Trust shall be irrevocable and shall continue until terminated upon the earlier to occur of (a) the complete exhaustion of the Fund comprising the Trust as certified in writing by the Trustee to EPA and the Grantor; or (b) completion of the Work under the Partial Consent Decree and issuance of a Certification of Completion. Upon termination of the Trust pursuant to Section 16(b), all remaining trust property (if any), less final trust administration expenses, shall be transferred to EPA to credit against oversight costs incurred by EPA at the Dual Site.

***Section 17. Immunity and Indemnification.*** The Trustee shall not incur personal liability of any nature in connection with any act or omission, made in good faith, in the administration of this Trust, or in carrying out any directions by the Grantor or the EPA issued in accordance with this Agreement. The Trustee shall be indemnified and saved harmless by the Grantor from and against any personal liability to which the Trustee may be subjected by reason of any act or conduct made by the Trustee in its official capacity, including all expenses reasonably incurred in its defense in the event the Grantor fails to provide such defense.

***Section 18. Choice of Law.*** This Agreement shall be administered, construed, and enforced according to the laws of the State of California.

***Section 19. Interpretation.*** As used in this Agreement, words in the singular include the plural and words in the plural include the singular. The descriptive headings for each Section of this Agreement shall not affect the interpretation or the legal efficacy of this Agreement.

***Section 20. Notices.*** All notices and other communications given under this Agreement shall be in writing and shall be addressed to the parties as follows or to such other address as the parties shall designate by written notice:

(a) If to the Grantor, to:

> Joseph C. Kelly
> President
> Montrose Chemical Corporation of California
> 600 Eriksen Avenue, Suite 380
> Bainbridge Island, WA 98110
>
> Kelly E. Richardson
> Latham & Watkins LLP
> 600 W. Broadway, Ste. 1800
> San Diego, CA 92101

(b) If to the Trustee, to:

> R. Thomas Dorsey
> *de maximis, inc.*
> 450 Montbrook Lane
> Knoxville, TN 37919

(c) If to EPA, to:

> Richard Hiett
> Remedial Project Coordinator
> U.S. Environmental Protection Agency, Region IX
> 75 Hawthorne St. (SFD-8-2)
> San Francisco, CA 94105
>
> Taly Jolish
> Office of Regional Counsel
> U.S. Environmental Protection Agency, Region IX
> 75 Hawthorne St. (ORC-3)
> San Francisco, CA 94105

7

**In Witness Whereof**, the parties hereto have caused this Agreement to be executed by their respective officers duly authorized and attested as of the date first above written:

GRANTOR

_____
Joseph C. Kelly, President, Montrose Chemical Corporation of California

State of: ~~California~~ Delaware

County of: Newcastle

On this 8/27/2012, before me personally came Joseph C. Kelly, to me known, who, being by me duly sworn, did depose and say that she/he is President of Montrose Chemical Corporation of California, the corporation described in and which executed the above instrument; and that she/he signed her/his name thereto.

_____
[Signature of Notary Public]

Racheal E. Conaway
Notary Public
State of Delaware
My Commission Expires on May 27, 2013

TRUSTEE

_____
R. Thomas Dorsey, *de maximis, inc.*

State of: Tennessee

County of: Knox

On this 23 August, before me personally came R. Thomas Dorsey, to me known, who, being by me duly sworn, did depose and say that she/he is CFL of *de maximis, inc.*, the corporation described in and which executed the above instrument; and that she/he signed her/his name thereto.

_____
[Signature of Notary Public]

My Commission Expires:
October 28, 2015

*[Notary seal: LORI R. SILLINGER, STATE OF TENNESSEE NOTARY PUBLIC, KNOX COUNTY]*

SD\923673.2

**PROOF OF SERVICE**

I am employed in the County of San Diego, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 600 West Broadway, Suite 1800, San Diego, CA 92101-3375.

On **August 28, 2012**, I served the following documents described as:

**NOTICE OF LODGMENT OF EXECUTED DUAL SITE TRUST FUND AGREEMENT**

by serving true copies of the above-described documents in the following manner:

**BY ELECTRONIC FILING**

I am familiar with the United States District Court, Central District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. The CM/ECF users that were served under said practice are identified below.

**BY U.S. MAIL**

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for mailing with the United States Postal Service. Under that practice, documents are deposited with the Latham & Watkins LLP personnel responsible for depositing documents with the United States Postal Service; such documents are delivered to the United States Postal Service on that same day in the ordinary course of business, with postage thereon fully prepaid. I deposited in Latham & Watkins LLP' interoffice mail a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for mailing with the United States Postal Service:

**VIA E-SERVICE:**

Honorable Manuel L. Real
United States District Court
Central District of California, Western Division
Courtroom 8, 2nd Floor
312 N. Spring Street
Los Angeles, CA 90012
r_chambers@cacd.uscourts.gov

| | |
|---|---|
| Thomas P. Carroll<br>Environmental Enforcement Section<br>Environment & Natural Resources Division<br>United States Department of Justice<br>P.O. Box 7611<br>Washington, D.C. 20044-7611 | Attorney for Plaintiff<br>United States of America |

ATTORNEYS AT LAW
SAN DIEGO

SD\941719.1

2

CASE NUMBER CV 90 3122-R
PROOF OF SERVICE

| | | |
|---|---|---|
| 1 | Kamala D. Harris<br>Attorney General of California | Attorneys for Plaintiff<br>State of California |
| 2 | Sally Magnani<br>Senior Assistant Attorney General | |
| 3 | 300 South Spring Street, Suite 1702<br>Los Angeles, CA  90013 | |
| 4 | | |
| 5 | Brian W. Hembacher<br>Supervising Deputy Attorney<br>General | Attorney for Plaintiff<br>State of California |
| 6 | 300 South Spring Street, Suite 1702<br>Los Angeles, CA  90013 | |
| 7 | brian.Hembacher@doj.ca.gov | |
| 8 | Catherine Mitchell Wieman<br>Deputy Attorney General | |
| 9 | Office of the Attorney General<br>Environment Section | |
| 10 | 300 S. Spring Street<br>Los Angeles, CA  90013 | |
| 11 | catherine.wieman@doj.ca.gov | |
| 12 | Peter J Gregora<br>Irell & Manella | |
| 13 | 1800 Avenue of the Stars, Ste 900<br>Los Angeles, CA 90067-4276 | |
| 14 | pgregora@irell.com | |
| 15 | Marvin I Bartel<br>Bartel & Evans | |
| 16 | 4695 MacArthur Court, Ste 310<br>Newport Beach, CA 92660 | |
| 17 | mbartel@bartelevans.com | |
| 18 | David J Prager<br>David J Prager Law Offices | |
| 19 | 2800 28th Street<br>Suite 315 | |
| 20 | Santa Monica, CA 90405-6205<br>prager@wkrklaw.com | |
| 21 | | |
| 22 | Gene Tanaka<br>Best Best and Krieger LLP | |
| 23 | 2001 North Main Street Suite 390<br>Walnut Creek, CA 94596 | |
| 24 | sandra.rosales@bbklaw.com,<br>joy.valdez@bbklaw.com, | |
| 25 | elizabeth.balloue@bbklaw.com,<br>monica.brozowski@bbklaw.com, | |
| 26 | gene.tanaka@bbklaw.com,<br>amy.rodes@bbklaw.com | |
| 27 | | |
| 28 | | |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\941719.1

3

CASE NUMBER CV 90 3122-R
PROOF OF SERVICE

| | |
|---|---|
| 1 | Richard G Montevideo |
|  | Rutan & Tucker |
| 2 | 611 Anton Blvd, 14th Fl |
|  | Costa Mesa, CA 92626-1931 |
| 3 | rmontevideo@rutan.com |
| 4 | Rufus C Young |
|  | Burke Williams & Sorensen |
| 5 | 444 South Flower Street, Suite 2400 |
|  | Los Angeles, CA 90071 |
| 6 | ryoung@bwslaw.com |
| 7 | Helen G Arens |
|  | CAAG - Office of Attorney General of |
| 8 | California |
|  | 300 S Spring St, Ste 5000 |
| 9 | Los Angeles, CA 90013-1230 |
|  | helen.arens@doj.ca.gov |
| 10 | |
|  | Kevin D Hughes |
| 11 | Tisdale & Nicholson, LLP |
|  | 2029 Century Park East, Suite 900 |
| 12 | Los Angeles, CA  90067 |
|  | khughes@t-nlaw.com, |
| 13 | ssato@t-nlaw.com |
| 14 | H. Wylie Donald |
|  | A. Richard Winchester |
| 15 | McCarter & English LLP |
|  | 405 N. King Street, 8th Floor |
| 16 | Wilmington, DE  19801 |
|  | jdonald@mccarter.com |
| 17 | awinchester@mccarter.com |
| 18 | Roberto R Orellana |
|  | Ventura County Counsel |
| 19 | 800 S Victoria Ave, HOA 4th Floor |
|  | Ventura, CA 93009-1830 |
| 20 | robert.orellana@ventura.org |
| 21 | Peter Hsiao |
|  | Morrison and Foerster LLP |
| 22 | 555 West Fifth Street Suite 3500 |
|  | Los Angeles, CA 90013-1024 |
| 23 | phsiao@mofo.com |
| 24 | Cary B Lerman |
|  | Munger Tolles & Olson |
| 25 | 355 S Grand Ave, 35th Fl |
|  | Los Angeles, CA 90071-1560 |
| 26 | lermancb@mto.com |
| 27 | |
| 28 | |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\941719.1

4

CASE NUMBER CV 90 3122-R
PROOF OF SERVICE

| | |
|---|---|
| 1 | J Matthew Rodriquez |
| | CAAG - Office of Attorney General of |
| 2 | California |
| | 1100 West A Street |
| 3 | Suite 1100 |
| | Post Office Box 85266 |
| 4 | San Diego, CA 92186-5266 |
| | docketingsdawt@doj.ca.gov |
| 5 | |
| | Robert V Wadden |
| 6 | Manhattan Beach City Attorneys Office |
| | Legal Dept |
| 7 | 1400 Highland Ave |
| | Manhattan Beach, CA 90266-4795 |
| 8 | rwadden@ci.manhattan-beach.ca.us |
| 9 | Jose R Allen |
| | Skadden Arps Slate Meagher & Flom |
| 10 | 4 Embarcadero Center |
| | Ste 3800 |
| 11 | San Francisco, CA 94111 |
| | ruth.mehrwein@skadden.com, |
| 12 | peter.simshauser@skadden.com |
| | gina.lacava@skadden.com |
| 13 | |
| | Eduardo Olivo |
| 14 | Olivo and Plascencia |
| | 320 West Whittier Boulevard, Suite 224 |
| 15 | La Habra, CA 90631 |
| | eolivo@olivo-law.com |
| 16 | |
| | Dean Larry Jackson |
| 17 | Christa & Jackson |
| | 1901 Avenue of the Stars |
| 18 | Suite 1100 |
| | Los Angeles, CA 90067-2331 |
| 19 | dcrawford@christalaw.com, |
| | lchrista@christalaw.com, |
| 20 | ljackson@christalaw.com, |
| | mdavis@christalaw.com |
| 21 | |
| | Wesley G Beverlin |
| 22 | Lewis Brisbois Bisgaard & Smith |
| | 221 N Figueroa St, Ste 1200 |
| 23 | Los Angeles, CA 90012-2601 |
| | beverlin@lbbslaw.com |
| 24 | |
| | Steven R O'Rourke |
| 25 | US Department of Justice |
| | Environmental Enforcement Section |
| 26 | PO Box 7611 |
| | Ben Franklin Station |
| 27 | Washington, DC 20044-7611 |
| | steve.orourke@usdoj.gov |
| 28 | |

| | |
|---|---|
| 1 | Wynne S Furth |
| | Burke Williams and Sorensen LLP |
| 2 | 1901 Harrison Street 9th Floor |
| | Oakland, CA 94612 |
| 3 | shagle@bwslaw.com, |
| | wfurth@bwslaw.com |
| 4 | |
| 5 | **VIA U.S. MAIL:** |
| 6 | Charles B Cohler |
| | Moses Lasky |
| 7 | Two Transamerica Ctr |
| | Lasky Haas & Cohler |
| 8 | 2953 Pierce St |
| 9 | San Francisco CA 94123 |
| 10 | Christine WS Byrd |
| | Irell and Manella |
| 11 | 1800 Avenue of the Stars, Suite 900 |
| | Los Angeles CA 90067-4276 |
| 12 | |
| 13 | Richard B Stewart |
| | Environment Enforcement Section |
| 14 | US Department of Justice |
| | 301 Howard, Ste 870 |
| 15 | San Francisco CA 91405 |
| 16 | |
| | Arnold M Alvarez-Glasman |
| 17 | West Tower |
| | Alvarez-Glasman & Colvin |
| 18 | 13181 Crossroads Parkway North, Suite 400 |
| | City of Industry CA 91746 |
| 19 | |
| 20 | John Rains Calhoun |
| | Lisa Peskay Malmsten |
| 21 | Long Beach City Attorney |
| | 333 W Ocean Blvd, Ste 1100 |
| 22 | Long Beach CA 90802-4664 |
| 23 | |
| | James L McBride |
| 24 | Ventura County Counsel |
| | 800 S Victoria Ave, Ste L-1830 |
| 25 | Ventura CA 93009-0001 |
| 26 | |
| 27 | |
| 28 | |

| | |
|---|---|
| 1 | Cary S Reisman |
| | Wallin Kress Reisman & Kranitz |
| 2 | 2800 28th St, Ste 315 |
| 3 | Santa Monica CA 90405-6205 |
| 4 | Byron Richard Marsh |
| | Lewis Brisbois Bisgaard & Smith |
| 5 | 221 N Figueroa St, Ste 1200 |
| | Los Angeles CA 90012-2601 |
| 6 | |
| 7 | Roscoe Trimmier |
| | Paul B Galvani |
| 8 | Ellen Page DelSole |
| | David A Brown |
| 9 | Debra Brown Allen |
| | Laurie R Wallach |
| 10 | Harvey J Wolkoff |
| 11 | Robert A Skinner |
| | Thomas H Hannigan |
| 12 | Ropes & Gray |
| | 800 Boylston Street |
| 13 | Boston, MA 02199 |
| 14 | |
| | Mary Scoonover |
| 15 | CAAG - Office of Attorney General of |
| | California |
| 16 | 300 S Spring St, Ste 5000 |
| | Los Angeles CA 90013-1230 |
| 17 | |
| | Paul Anthony Dezurick |
| 18 | Carolyn Lown |
| 19 | Graham & James |
| | 1 Maritime Plaza, Ste 300 |
| 20 | San Francisco CA 94111-3492 |
| 21 | |
| | Scott A Schachter |
| 22 | H Michael Semler |
| | Environmental Defense Section |
| 23 | US Department of Justice |
| | PO Box 23986 |
| 24 | Washington DC 20026-3986 |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\941719.1

7

CASE NUMBER CV 90 3122-R
PROOF OF SERVICE

| | |
|---|---|
| 1 | Steven Talson |
| | Ann V Crowley |
| 2 | Environmental & Occupational Disease Sec |
| | US Department of Justice |
| 3 | P O Box 340 Ben Franklin Station |
| 4 | Washington DC 20004 |
| | |
| 5 | Mary L Walker |
| | Joan M Brinkmann |
| 6 | Paul Hastings Janofsky & Walker |
| | 3579 Valley Centre Dr |
| 7 | San Diego CA 92130 |
| 8 | |
| | Stephen L Marsh |
| 9 | Michael Jesse Perez |
| | Luce Forward Hamilton & Scripps |
| 10 | 600 W Broadway, Ste 2600 |
| 11 | San Diego CA 92101 |
| | |
| 12 | Anita O Aviles |
| | Eduardo Olivo Law Offices |
| 13 | 320 West Whittier Boulevard, Suite 224 |
| | La Habra CA 90631 |
| 14 | |
| 15 | Seth A Ribner |
| | Simpson Thacher & Bartlett |
| 16 | 1999 Ave Of The Stars 29FL |
| | Los Angeles CA 90067 |
| 17 | |
| | Harry Lawrence Gershon |
| 18 | Richards Watson & Gershon |
| 19 | 355 S Grand Ave, 40th Fl |
| | Los Angeles CA 90071-3101 |
| 20 | |
| | Stephen Philip Deitsch |
| 21 | Fox & Sohagi |
| | 10960 Wilshire Blvd, Ste 1270 |
| 22 | Los Angeles CA 90024-3702 |
| 23 | |
| 24 | / / / |
| 25 | / / / |
| 26 | / / / |
| 27 | / / / |
| 28 | |

LATHAM&WATKINS<sup>LLP</sup>  SD\941719.1
ATTORNEYS AT LAW
SAN DIEGO

8

CASE NUMBER CV 90 3122-R
PROOF OF SERVICE

| | |
|---|---|
| 1 | Kathe Pease |
| 2 | Southwest Regional Office |
|   | NOAA Office of General Counsel |
| 3 | 501 W Ocean Blvd |
|   | Ste 4470 |
| 4 | Long Beach CA 90802 |

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **August 28, 2012**, at San Diego, California.

_____
Kelli Moro

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN DIEGO

SD\941719.1

9

CASE NUMBER CV 90 3122-R
PROOF OF SERVICE