1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF CALIFORNIA, | Case No. 2:90-cv-03122 DOC(GJSx) |
| Plaintiffs, | |
| v. | [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER[1] |
| MONTROSE CHEMICAL CORP. OF CALIFORNIA, et al., | |
| Defendants. | |

1.     A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends

---

[1] This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Gail J. Standish's Procedures.

1  only to the limited information or items that are entitled to confidential treatment

2  under the applicable legal principles.

3       B. GOOD CAUSE STATEMENT

4       This action under the Comprehensive Environmental Response,

5  Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-9675, involves

6  the cleanup of the environment, including contaminated soils and groundwater and

7  industrial and residential properties. Discovery in this action is thus likely to involve

8  trade secrets, customer and pricing lists and other valuable research, development,

9  commercial, financial, technical and/or proprietary information, confidential

10  business information submitted to the United States pursuant to 40 C.F.R. part 2,

11  subpart B, or to the California Department of Toxic Substances Control pursuant to

12  California Health & Safety Code sections 25173, 25185.6, 25358.1, or 25358.2,

13  personally identifying information subject to the Privacy Act, 5 U.S.C. § 552a, and

14  sensitive personal health, employment, and financial information for which special

15  protection from public disclosure and from use for any purpose other than

16  prosecution of this action is warranted.

17       Such confidential and proprietary materials and information consist of, among

18  other things, confidential business or financial information, information regarding

19  confidential business practices, or other confidential research, development, or

20  commercial information (including information implicating privacy rights of third

21  parties), information otherwise generally unavailable to the public, or which may be

22  privileged or otherwise protected from disclosure under state or federal statutes or

23  regulations, court rules, case decisions, or common law.  Accordingly, to expedite

24  the flow of information, to facilitate the prompt resolution of disputes over

25  confidentiality of discovery materials, to adequately protect information the Parties

26  are entitled to keep confidential, to ensure that the Parties are permitted reasonable

27  necessary uses of such material in preparation for and in the conduct of trial, to

28  address their handling at the end of the litigation, and serve the ends of justice, a

2

protective order for such information is justified in this matter.  It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal.  The Parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For

3

each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2.   <u>DEFINITIONS</u>

2.1   <u>Action</u>: this pending federal lawsuit.

2.2   <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4   <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5   <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party:  any natural person, partnership, corporation, association or other legal entity not named as a party to this Action.

2.10     Outside Counsel of Record:  (a) attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, or (b) attorneys for the U.S. Department of Justice or the California Attorney General's Office; and includes support staff.

2.11     Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12     Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13     Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14     Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15     Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.     SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

This Stipulated Protective Order shall supersede all prior protective orders and any amendments thereto governing the production or transmission of confidential information through discovery in this litigation.  Previously designated confidential information pursuant to any prior protective order shall remain so designated, and the terms of this Stipulated Protective Order shall govern its use, from the date of entry of this Stipulated Protective Order going forward.  Past orders regarding the confidentiality of settlement conferences and communications in this litigation include the July 17, 2000 Order re Confidentiality of Settlement Conferences, as supplemented by the April 22, 2015 and June 25, 2018 Orders re Confidentiality of Settlement Conferences and Communications with the Special Master ("Past Confidentiality Orders").  Past Confidentiality Orders remain in full force and effect, including the provision that the receipt of documents or information pursuant to the Past Confidentiality Orders shall not prejudice any Party's ability or right to receive or obtain those documents or information through other lawful channels, including discovery.  Additionally, a Party may make use of its own documents and information for any evidentiary purpose, even if the document or information was subject to Past Confidentiality Orders. Communications regarding settlement of this matter may not be designated as Protected Information pursuant to this Stipulated Protective Order.

4.    <u>DURATION</u>

FINAL DISPOSITION of the action is defined as the conclusion of any

appellate proceedings, or, if no appeal is taken, when the time for filing of an appeal has run.  Except as set forth below, the terms of this protective order apply through FINAL DISPOSITION of the action.  The Parties have stipulated that they will be contractually bound by certain terms of this agreement beyond FINAL DISPOSITION. Once all proceedings in this case are complete, the Parties' agreement may be enforced only in a separate action.

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, for such materials, the terms of this protective order do not extend beyond the commencement of the trial.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

The prosecution and defense of this action will require each Party to review and to disclose large quantities of information and documents, including electronically stored information, through the discovery process.  As a result, a full

7

page-by-page preproduction review of Disclosure or Discovery Material may impose an undue burden on the Parties' resources that is disproportionate to the needs of the case. Therefore, the Court determines that a Producing Party may designate Disclosure or Discovery Material as subject to this Stipulated Protective Order on the grounds that the material: (1) has not been subject to a full page-by-page review for information that may be entitled to confidential treatment under Rule 26(c); and (2) was obtained from a source that may contain information that may be entitled to confidential treatment under Rule 26(c). Other than as expressly stated in this Paragraph, mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL UNDER PROTECTIVE ORDER" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If labeling only those pages that contain protected material is

unduly burdensome, a Party may affix the "CONFIDENTIAL legend" to each page of the document. The "CONFIDENTIAL legend" must be positioned to avoid obscuring parts of the page that are not blank. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. The "CONFIDENTIAL legend" must be positioned to avoid obscuring parts of the page that are not blank. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in depositions, the testimony shall be treated as "CONFIDENTIAL" until 30 days after the transcript is delivered in draft or final form to each Party that has ordered a copy, unless the Parties in attendance at the deposition agree, on the record or in writing, to a shorter time period. Before the 30-day period expires, the Designating Party may serve a Notice of Designation to all Parties that specifically identifies the Disclosure or Discovery Material in the transcript by citing the corresponding page and line numbers. After the 30-day period expires, only those portions of the transcript identified in the Notice of Designation will continue to be "CONFIDENTIAL" information. Deposition transcripts containing "CONFIDENTIAL" information shall be labeled as follows

(or using words of similar effect): "This deposition contains confidential information subject to the Stipulated Protective Order entered in *United States of America, et al. v. Montrose Chemical Corporation of California, et al.*, No. 2:90-cv-03122 DOC(GJSx)."  Notwithstanding anything to the contrary in this Paragraph, a Party may disclose "CONFIDENTIAL" information during a deposition in accordance with Paragraph 7.2(h).

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating

10

Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the Court and its personnel;

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," or if a Party withholds information or items designated in this Action as "CONFIDENTIAL" from its response to a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, or the California Public Records Act ("PRA"), Cal. Gov't Code, §§ 6250-6270.7, and the party who served the request subsequently brings an action challenging the withholding of those materials against the Party served with the request, that Party must:

(a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena, court order, or request under the FOIA or the PRA;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation, or served the request under the FOIA or the PRA, that some or all of the material covered by the subpoena, order, or request under the FOIA or the PRA is subject to this Stipulated Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, or before a determination by the court in any action challenging the withholding of information designated as "CONFIDENTIAL" in response to a request under the FOIA or the PRA, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.  <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that either the United States or the California Department

of Toxic Substances Control is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, the United States or the California Department of Toxic Substances Control shall comply with any applicable statutes and regulations regarding notice to the Non-Party.

(c)  In the event that a Party other than the United States or the California Department of Toxic Substances Control is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party, if requested.

(c)  If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request subject to this Stipulated Protective Order.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

11.1   This Order invokes Rules 16(b) and 26(c) of the Federal Rules of Civil Procedure, and is entered pursuant to Rule 502(d) of the Federal Rules of Evidence and the Court's inherent authority.  This Order shall be interpreted to provide the maximum protection allowed to the disclosing Party by Rule 502(d) of the Federal Rules of Evidence.  Under this Order, the provisions in Rule 502(b) of the Federal Rules of Evidence do not apply to unintentionally disclosed communications or information subject to a claim of attorney-client privilege or attorney work product protection in this litigation ("Disclosed Protected Information").  However, if for any reason, a Court finds that this Order is inapplicable to Disclosed Protected Information, then Rule 502(b) of the Federal Rules of Evidence will apply in its absence.

11.2   Each Party is entitled to decide the appropriate degree of care to exercise in reviewing materials for privilege.  Irrespective of the care that is actually exercised in reviewing materials for privilege, the Court hereby orders pursuant to Rule 502(d) of the Federal Rules of Evidence that unintentional disclosure of

communications or information subject to a claim of attorney-client privilege or attorney work product protection will not constitute or be deemed a waiver or forfeiture—in this or any other federal or state litigation, government administrative proceeding, or other inquiries (e.g., Freedom of Information Act request, subpoena duces tecum, etc.)—of any claims of attorney-client privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter.

11.3   As to privileges other than the attorney-client privilege and work product protection (i.e., privileges not addressed by Rule 502(d) of the Federal Rules of Evidence), the Court further orders that because expedited or truncated privilege review is likely necessary for the just, speedy, and inexpensive resolution of this matter, the disclosure of privileged or protected information or documents in discovery conducted in this litigation will be deemed unintentional, inadvertent, and compelled by the Court-ordered discovery schedule in this case.  Such disclosure will not constitute a waiver of the Producing Party's right to claim any privilege or protection, including without limitation the deliberative process privilege, which would have applied to the information or documents or their subject matter but for the disclosure, provided only that the Party disclaiming waiver employed procedures reasonably designed to screen out privileged materials.

11.4   Regardless of whether the procedures to screen out privileged or protected materials were reasonable, the Parties shall not argue, in this forum or any other, that any privileges or work product protections are waived as a result of the disclosures in this litigation.

11.5   If a Party determines that it has produced a document upon which it wishes to make a claim of privilege, the Producing Party shall give all counsel of record notice in writing of the claim of privilege.  The notice must identify each such document and the date it was produced.  If the Producing Party claims that only a portion of a document is privileged, the Producing Party shall provide, along with the notice of the claim of privilege, a new copy of the document with the allegedly

16

privileged portions redacted.  Any Party that complies with this Paragraph will be deemed to have taken reasonable steps to rectify disclosures of privileged or protected information or materials.

11.6   If a Party identifies a document that appears on its face or in light of facts known to the Party to be subject to another Party's claim of privilege, the Party identifying the potential claim of privilege is under a good-faith obligation to notify the Party holding the potential claim of privilege within ten (10) business days of making such a determination.  Such notification will not waive the identifying Party's ability to subsequently challenge any assertion of privilege with respect to the identified document.  If the Party holding the potential claim of privilege wishes to assert a claim of privilege, it shall provide notice in accordance with Paragraph 11.5 above.

11.7   Upon receiving notice of a claim of privilege on a produced document, the receiving Party shall, in accordance with Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, return, sequester, or destroy the specified information and any copies it has within ten (10) business days of receipt of the assertion of privilege, and shall not use or disclose the information, except as provided by Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, until the claim is resolved.  The receiving Party shall provide a certification of counsel that all such privileged or protected documents or information has been returned, sequestered, or destroyed.  Copies of privileged or protected documents or information that have been stored on electronic media that is not reasonably accessible, such as disaster recovery backup media, are adequately sequestered as long as they are not restored; if such data is restored, the receiving Party shall take steps to re-sequester the restored information.  If the receiving Party disclosed the information before being notified, it shall take reasonable steps to prevent further use of such information until the claim is resolved.

11.8   The Parties may stipulate to extend the time periods specified in

Paragraphs 11.6 or 11.7 above.

11.9   If a Party wishes to dispute a claim of privilege asserted under this Order, such Party shall move the Court for an order compelling disclosure of the information.  The Party shall follow the procedures described in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure and shall not assert, as a ground for compelling disclosure, the fact or circumstances of the disclosure.  Pending resolution of the motion, the Parties shall not use the challenged information for any other purpose and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion.

11.10 Nothing in this Stipulation and Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Producing Party that such materials have been produced.

11.11 The Party wishing to assert a claim of privilege retains the burden, upon challenge pursuant to Paragraph 11.9, of establishing the applicability of the claimed privilege.

11.12 This Order does not preclude a Party from voluntarily waiving any claims of privilege.  The provisions of Rule 502(a) of the Federal Rules of Evidence apply when a Party uses privileged information to support a claim or defense.

12.   <u>MISCELLANEOUS</u>

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

12.3   Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision: (i) the United States is authorized to retain federal records as required by the Federal Records Act, 44 U.S.C. § 3101 *et seq.*; (ii) the California Department of Toxic Substances Control is authorized to retain state records as required by the State Records Management Act, California Government Code § 12270 *et seq.*; (iii) Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material; and (iv) Parties are not required to destroy or delete copies from disaster recovery backup media, provided that the protected

1  material is deleted from active data systems in the event that the disaster media is

2  restored. Any such archival copies that contain or constitute Protected Material

3  remain subject to this Stipulated Protective Order as set forth in Section 4

4  (DURATION).

5  14.  <u>VIOLATION</u>

6  Any violation of this Order may be punished by appropriate measures including,

7  without limitation, contempt proceedings and/or monetary sanctions.

8  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

9

10  DATED:  <u>January 14, 2020</u>

11

12  UNITED STATES OF AMERICA

13  <u>/s/ Devon A. Ahearn</u>

14  Devon A. Ahearn
    Gabriel M. Allen

15  Leslie Coleman

16  Patricia L. Hurst
    Genevieve Parshalle

17  Daniel S. Smith

18  Environmental Enforcement Section
    Environment & Natural Resources Division

19  United States Department of Justice
    *Attorneys for Plaintiff the United States*

20

21  CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL

22

23  <u>/s/ Megan Hey</u>

24  Megan Hey

25  Deputy Attorney General
    California Attorney General's Office

26  *Attorney for Plaintiff the State of California on behalf of the California Department*

27  *of Toxic Substances Control*

28

DATED:  January 14, 2020

LATHAM & WATKINS LLP

/s/ Kelly E. Richardson
Kelly E. Richardson
*Attorneys for Defendant Montrose Chemical Corporation of California*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

/s/ Stacey E. Kray
Stacey E. Kray
*Attorneys for Defendant 21st Century Fox America, Inc.*

FOUNDATION LAW GROUP

/s/ Gregg D. Zucker
Gregg D. Zucker
*Attorney for Defendant Stauffer Management Company for itself and as attorney-in-fact for Bayer CropScience, Inc.*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:  February 4, 2020

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on [date] in the case of *United States of America, et al. v. Montrose Chemical

Corporation of California, et al.*, 2:90-cv-03122 DOC(GJSx).  I agree to comply

with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt.  I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the

provisions of this Order.  I further agree to submit to the jurisdiction of the United

States District Court for the Central District of California for enforcing the terms of

this Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.  I hereby appoint _____ [print

or type full name] of _____ [print or type

full address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____